NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD KREMP, : <br> : <br> Plaintiff, : <br> : Civ. No. 09-2847 (GEB) <br> v. : <br> : **MEMORANDUM OPINION** <br> WACHOVIA BANK, N.A., : <br> : <br> Defendant. : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of Plaintiff Richard Kremp ("Kremp") for reconsideration of the Court's October 12, 2010 decision that granted the motion for summary judgment filed by Defendant Wachovia Bank, N.A. ("Wachovia") and closed this case. (Docs. No. 23, 24, 25) Wachovia opposes Kremp's present motion. (Doc. No. 30) The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, Kremp's motion will be denied.

I.  BACKGROUND

In his single-count complaint that was removed to this Court on June 11, 2009, Kremp alleges that Wachovia terminated his employment on the basis of his age, and in doing so, violated provisions of the New Jersey Law Against Discrimination ("NJLAD"). (Doc. No. 1) Following discovery, Wachovia filed a motion for summary judgment on June 25, 2010, and therein argued alternately that: (1) Kremp had failed to establish a *prima facie* case of age discrimination under applicable jurisprudence; and (2) no reasonable fact-finder could conclude

that Wachovia's termination of Kremp violated the NJLAD. As noted, on October 12, 2010, the Court granted Wachovia's motion for summary judgment and closed this case. Shortly thereafter, on October 25, 2010, Kremp filed his present motion for reconsideration. In support of that motion, Kremp appears to simply lodge his disagreement with the Court's October 12 decision. Wachovia filed opposition on November 19, and therein argues that Kremp's motion is without merit and should be denied.

## II. DISCUSSION

### A. Legal Standard

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration and states in pertinent part that:

> a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.

Further, the Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy,

requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

  **B.**  **Application**

  Application of the foregoing standard reveals that Kremp's motion for reconsideration is without merit. In support of his present motion, Kremp filed a 14 page letter brief that contains neither a legal standard, nor a single citation to the substantial record in this case. Rather, Kremp's letter brief is littered with hypothetical questions, bullet points, and citation to just three cases that simply parrot the well-established summary judgment standard the Court announced and applied in its October 12 memorandum opinion.[1] As a result, the very form of Kremp's letter brief runs afoul of L. Civ. R. 7.1(i) because it patently fails to "[set] forth *concisely* the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ." (Emphasis added).

  Additionally, beyond that sufficiently fatal flaw, Kremp's letter brief does not state plausible grounds for reconsideration of the Court's October 12 decision. As Wachovia points out in opposition, Kremp has failed to argue, let alone establish: (1) that an intervening change in controlling law has occurred; (2) that new evidence has become available; or (3) that reconsideration is necessary to prevent manifest injustice. In light of that, the Court can only

---

[1] In addition, Kremp's letter brief contains myriad statements directed at the Court and Wachovia that arguably appear both contumacious, and in violation of the New Jersey Rules of Professional Conduct. Kremp's letter brief possibly implicates at least: (1) RPC 3.1, "Meritorious Claims and Contentions"; and (2) RPC 3.2 "Expediting Litigation", which states that, "[a] lawyer . . . shall treat with *courtesy and consideration* all persons involved in the legal process." (Emphasis added). In the interest of judicial economy, however, the Court declines to take further action *sua sponte* on this matter at this time.

conclude, as Wachovia did, that the basis for Kremp's motion is a contention that the Court's October 12 decision represents a "clear error of law".  As noted, however, the only three cases cited by Kremp in his letter brief merely parrot the well-established summary judgment standard that was announced and clearly applied in the Court's underlying memorandum opinion.  That Kremp disagrees with the Court's application of that standard is not a valid ground for reconsideration.  Therefore, Kremp's present motion will be denied.

### III.   CONCLUSION

For the reasons stated above, Kremp's motion for reconsideration is DENIED.  (Doc. No. 25)  An appropriate form of order accompanies this memorandum opinion.

Dated: December 17, 2010

                                                               /s/ Garrett E. Brown, Jr.
                                      GARRETT E. BROWN, JR., U.S.D.J.